IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
SENIOR JUDGE WALKER D. MILLER

Civil Action No. 10-cv-02921-WDM-CBS

CEQUENT PERFORMANCE PRODUCTS, INC., f/k/a CEQUENT TOWING PRODUCTS, INC.,

    Plaintiff,

v.

LET'S GO AERO, INC.,

    Defendant.

## ORDER ON PARTIAL MOTION TO DISMISS

Miller, J.

This matter is before me on the Motion to Partially Dismiss Let's Go Aero's Counterclaims Under Rule 12(b)(6) (ECF No. 8) filed by Plaintiff-Counterclaim Defendant Cequent Performance Products, Inc. ("Cequent"). Defendant-Counterclaimant Let's Go Aero, Inc., ("LGA") opposes the motion. After a review of the pleadings and the parties' written arguments, I conclude oral argument is not required. For the reasons that follow, the motion to dismiss will be granted in part and denied in part.

### Background

This is basically a breach of contract case arising out of various license agreements between the parties for patents and other intellectual property owned by LGA. In Cequent's Complaint (ECF No. 1), it alleges that it "entered into a license agreement whereby LGA purported to grant Cequent an exclusive license to use, make, and sell various transportation-related products that LGA represented as protected by enforceable patents

or pending patent applications." Complaint ¶ 1. Cequent has paid approximately $586,000 in licensing fees and royalty payments over the last three years. *Id.* ¶ 3. However, Cequent alleges that the licensed patents and applications have expired or been abandoned by LGA before or during the term of the license. *Id.* ¶ 4. Cequent alleges that LGA has breached the licensing agreement, as amended, in various ways, including by failing to maintain and protect the patents and patent applications and by failing to honor the exclusivity provisions of the agreement. *Id.* ¶¶ 30-38. Cequent alleges that it has continued to pay its royalty payments under protest and has otherwise complied with its obligations under the agreement. *Id.* ¶¶ 41-43.

LGA has answered Cequent's Complaint and asserted counterclaims. Answer and Counterclaim, ECF No. 6. LGA alleges that "Cequent has wrongfully failed and refused to pay all sums due" under the license agreement and owes LGA $83,765.53. *Id.* ¶¶ 99-100. LGA alleges that Cequent has continued to use LGA's intellectual property without payment and without providing accounting as required by the agreement. *Id.* ¶¶ 101, 104. It asserts the following counterclaims: (1) breach of contract; (2) conversion; (3) request for judgment "in an amount equal to all sums due, owing, and unpaid by Cequent;" (4) unjust enrichment; (5) patent infringement; and (6) declaratory judgment that LGA is not in breach, that Cequent has breached the agreement, that Cequent anticipatorily repudiated the agreement, that the agreement is terminated, that Cequent has infringed and is continuing to infringe upon LGA's patents and intellectual property, that Cequent owes payment to LGA and that Cequent has no right to use LGA's intellectual property. Cequent moves to dismiss LGA's second, third, fifth, and parts of the sixth counterclaim.

### Standard of Review

A complaint must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 555. The court must accept as true all well-pleaded facts and construe all reasonable allegations in the light most favorable to the plaintiff. *United States v. Colorado Supreme Court*, 87 F.3d 1161, 1164 (10th Cir. 1996).

### Discussion

Cequent first argues that LGA's second counterclaim, conversion, fails because LGA does not allege several essential elements, including actual dominion or control over personal property. Conversion is defined "as any distinct, unauthorized act of dominion or ownership exercised by one person over personal property belonging to another." *Stauffer v. Stegemann*, 165 P.3d 713, 717 (Colo. App. 2006); Restatement (Second) of Torts § 222A(1) (1965) ("Conversion is an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel."); *see also Omaha & Grant Smelting & Refining Co. v. Tabor*, 13 Colo. 41, 54-55, 21 P. 925, 930 (Colo. 1889) ("A 'conversion' is defined to be any act of the defendant inconsistent with the plaintiff's right of possession, or subversive of his right of property."). Cequent argues that its alleged use of the licensed intellectual property does not amount to a conversion because it does not affect LGA's ownership or right to control the patent and, therefore, the conversion claim fails. It cites *Malik v. Lynk, Inc.*, 1999 WL 760217 (D. Kan., Aug. 18, 1999), for the

proposition that infringement does not affect the patent holder's claim to ownership of the patent.

In response, LGA does not cite any case law, from Colorado or other jurisdiction, in which a court analyzed the infringement of a patent to amount to an act of dominion or ownership. Rather, LGA argues that Cequent "believes that [Cequent's] obligation to recognize LGA's IP [intellectual property] under the License Agreement has terminated . . . and Cequent may continue to use that IP for its own use and benefit even after termination of the license." LGA Resp., ECF No. 12, at 8. According to LGA, this means that Cequent thereby intends "to deprive LGA of the use of its IP, declare it to be in the public domain and then utilize it for its own purpose thus defeating LGA's rights in the IP: conversion." *Id.*

LGA's argument is difficult to follow and still does not demonstrate any act asserting ownership over LGA's patents, as distinct from the allegedly unlawful use of the technology protected by those patents.[1] As noted by the court in *Malik*, because the property at issue is intangible, "it is possible for both plaintiff and defendant to use it," 1999 WL 760217 at *2, meaning that Cequent's use is not inconsistent with LGA's claim of ownership. LGA's right to possession and ownership of its patents is not impinged as it still has the right to rely on those patents and seek enforcement; the issue is LGA's right to payment and the value of the patents, which is not appropriately addressed under a conversion theory. I agree with Cequent that the conversion claim should be dismissed for failure to state a claim.

---

[1]These allegedly wrongful acts can be remedied by LGA's claims for breach of contract and infringement.

Cequent next argues that LGA's third counterclaim does not state a legal claim, as it merely asserts an entitlement to judgment. I agree; this is more accurately categorized as a prayer for relief, not a separate cause of action, and will be treated as such.

Cequent contests LGA's fifth counterclaim, for infringement, on the grounds that LGA fails to identify what intellectual property Cequent has allegedly infringed. In response, LGA contends that its general allegations refer to and incorporate the license agreement and amendment, and that the intellectual property covered by these agreements is the subject of its claim. Cequent contends that this response is inadequate, because the agreements encompass a number of different patents and patent applications, several of which Cequent has never used.

I will not dismiss this claim. I will, however, require LGA to plead this claim with great specificity in the form of an amended counterclaim that sets forth the allegedly infringing products and the patents or patent applications that are implicated.

Finally, Cequent moves to dismiss several of the elements of LGA's claim for declaratory judgment, specifically anticipatory repudiation and infringement. With respect to anticipatory repudiation, Cequent argues that LGA alleges no facts showing that Cequent ever manifested any intent to not perform the contract. Cequent's argument concerning the infringement element of the declaratory judgment claim is that it is duplicative of the infringement claim. The duplication issue is not dispositive, so I will address only the anticipatory repudiation argument.

LGA argues in response that anticipatory repudiation is shown by Cequent's complaint as well as its failure to make payments due under the license agreement and amendment. "A repudiation of a contract must consist of a party's present, positive,

unequivocal refusal to perform the contract, not a mere threat to abandon its obligations under the contract." *Lawry v. Palm*, 192 P.3d 550, 558 (Colo. App. 2008) (citing *Lake Durango Water Co. v. Pub. Utils. Comm'n*, 67 P.3d 12, 21 (Colo. 2003)).  While not all the factual averments are present, the circumstances surrounding Cequent's alleged failure to pay royalties could plausibly amount to a repudiation of the contract.  Given the lenient standard on a motion to dismiss, I will permit this claim to go forward.

Accordingly, it is ordered:

1. Cequent's Motion to Partially Dismiss Let's Go Aero's Counterclaims Under Rule 12(b)(6) (ECF No. 8) is granted in part and denied in part.  LGA's counterclaim for conversion is dismissed.  LGA shall file an amended answer and counterclaims within ten days of the issuance of this order providing greater specificity regarding its claim of infringement and shall designate its current third cause of action as part of its prayer for relief.  The motion is otherwise denied.

DATED at Denver, Colorado, on May 5, 2011.

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge