UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 10-CV-02921

**Plaintiff:** CEQUENT PERFORMANCE PRODUCTS, INC., f/k/a CEQUENT TOWING PRODUCTS, INC., a Delaware corporation

v.

**Defendant:** LET'S GO AERO, INC., a Colorado corporation

## ANSWER AND AMENDED COUNTERCLAIMS

Defendant, Let's Go Aero, Inc., a Colorado corporation ("LGA"), by its undersigned counsel, answers the Complaint ("Complaint") filed against it by Plaintiff Cequent Performance Products, Inc. f/k/a Cequent Towing Products, Inc., a Delaware corporation ("Cequent") and asserts Amended Counterclaims against Cequent as set forth below:

## ANSWER

1. LGA admits it entered into a "License Agreement" dated January 2, 2008 between Let's Go Aero, Inc. and Cequent Towing Products, Inc. ("License Agreement"), which was amended by First Amendment dated March 16, 2009 ("First Amendment"), all other allegations, express or implied, contained in paragraph 1 of the Complaint are denied.

2. The License Agreement speaks for itself; all other allegations, express or implied, contained in paragraph 2 of the Complaint are denied.

3. LGA admits some payments were made by Cequent to LGA; all other allegations, express or implied, contained in paragraph 3 of the Complaint are denied.

4. LGA denies the allegations contained in paragraph 4 of the Complaint.

5. LGA denies the allegations contained in paragraph 5 of the Complaint.

6. LGA denies the allegations contained in paragraph 6 of the Complaint, particularly that any damage has been caused to Cequent or that LGA owes any compensation to Cequent.

7. LGA lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 7, which are therefore denied.

8. LGA admits the allegations contained in paragraph 8 of the Complaint.

9. LGA admits the allegations contained in paragraph 9 of the Complaint.

10. LGA admits the allegations contained in paragraph 10 of the Complaint.

11. LGA admits the allegations contained in paragraph 11 of the Complaint.

12. LGA admits the allegations contained in paragraph 12 of the Complaint.

13. LGA denies the allegations contained in paragraph 13 of the Complaint.

## FACTUAL ALLEGATIONS

14. LGA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14, which are therefore denied.

15. LGA admits the allegations contained in paragraph 15 of the Complaint.

16. LGA admits the allegations contained in paragraph 16 of the Complaint.

17. The License Agreement speaks for itself; all other allegations, express or implied, contained in paragraph 17 of the Complaint are denied.

18. The License Agreement speaks for itself; all other allegations, express or implied, contained in paragraph 18 of the Complaint are denied.

19. The License Agreement speaks for itself; all other allegations, express or implied, contained in paragraph 19 of the Complaint are denied.

20. The License Agreement speaks for itself; all other allegations, express or implied, contained in paragraph 20 of the Complaint are denied.

21. The License Agreement speaks for itself; all other allegations, express or implied, contained in paragraph 21 of the Complaint are denied.

22. The License Agreement speaks for itself; all other allegations, express or implied, contained in paragraph 22 of the Complaint are denied.

23. LGA admits the factual allegations contained in paragraph 23 of the Complaint in so far as they are consistent with the express provisions of the License Agreement; all other allegations, express or implied, contained in paragraph 23 of the Complaint are denied.

24. LGA admits the factual allegations contained in paragraph 24 of the Complaint in so far as they are consistent with the express provisions of the License Agreement; all other allegations, express or implied, contained in paragraph 24 of the Complaint are denied.

25. LGA admits the factual allegations contained in paragraph 25 of the Complaint in so far as they are consistent with the express provisions of the License Agreement; all other allegations, express or implied, contained in paragraph 25 of the Complaint are denied.

26. LGA admits the factual allegations contained in paragraph 26 of the Complaint in so far as they are consistent with the express provisions of the License Agreement; all other allegations, express or implied, contained in paragraph 26 of the Complaint are denied.

27. LGA admits the factual allegations contained in paragraph 27 of the Complaint in so far as they are consistent with the express provisions of the License Agreement; all other allegations, express or implied, contained in paragraph 27 of the Complaint are denied.

28. LGA admits the factual allegations contained in paragraph 28 of the Complaint in so far as they are consistent with the express provisions of the License Agreement; all other allegations, express or implied, contained in paragraph 28 of the Complaint are denied.

29. LGA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29, therefore all allegations, express or implied, contained in paragraph 29 of the Complaint are denied.

30. LGA denies the allegations contained in paragraph 30 of the Complaint; however, LGA acknowledges certain application fees were not paid by LGA's counsel, who misappropriated such fees.

31. LGA denies the allegations contained in paragraph 31 of the Complaint.

32. LGA denies the allegations contained in paragraph 32 of the Complaint.

33. LGA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33; therefore, all allegations, express or implied, contained in paragraph 33 of the Complaint are denied.

34. LGA denies the allegations contained in paragraph 34 of the Complaint.

35. LGA states that Marty Williams' declaration to the USPTO speaks for itself; and on that basis denies the allegations in paragraph 35 of the Complaint.

36. LGA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 36; therefore, all allegations, express or implied, contained in paragraph 36 of the Complaint are denied.

37. LGA denies the allegations contained in paragraph 37 of the Complaint.

38. LGA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 38; therefore, all allegations, express or implied, contained in paragraph 38 of the Complaint are denied.

39. LGA admits the allegations contained in paragraph 39 of the Complaint in so far as monies have been received from Cequent by LGA, all remaining allegations, express or implied, contained in paragraph 39 of the Complaint are denied.

40. LGA denies the allegations contained in paragraph 40 of the Complaint.

41. LGA admits a letter was sent to Cequent. All remaining allegations, express or implied, contained in paragraph 41 of the Complaint are denied.

42. LGA admits it received a royalty payment check in the amount of $8,765.53 dated November 30, 2010, but denies the remaining allegations in paragraph 42 of the Complaint.

43. LGA is without information regarding what was in Cequent's contemplation at the time it breached its obligations under the License Agreement, and denies the remaining allegations in paragraph 43 of the Complaint.

44. LGA admits that it received one letter dated December 1, 2010 from Cequent's attorney regarding a proposed settlement for Cequent's breach and LGA's alleged breach, but LGA denies the remaining allegations in paragraph 44 of the Complaint.

## COUNT ONE
(Breach of Contract)

45. LGA incorporates its responses to the allegations in paragraphs 1 through 44 of the Complaint as set forth previously.

46. LGA denies the allegations contained in paragraph 46 of the Complaint.

47. LGA denies the allegations contained in paragraph 47 of the Complaint.

48. LGA denies that Cequent is entitled to the relief it requests.

## COUNT TWO
(Promissory Estoppel)

49. LGA incorporates its responses to the allegations in paragraphs 1 through 48 of the Complaint as set forth previously.

50. The License Agreement speaks for itself; all other allegations, express or implied, contained in paragraph 50 of the Complaint are denied.

51. LGA denies the allegations contained in paragraph 51 of the Complaint.

52. LGA denies the allegations contained in paragraph 52 of the Complaint.

53. LGA denies the allegations contained in paragraph 53 of the Complaint.

54. LGA denies the allegations contained in paragraph 54 of the Complaint.

55. LGA denies that Cequent is entitled to the relief it requests.

## COUNT THREE
(Breach of Implied Duty of Good Faith and Fair Dealing)

56. LGA incorporates its responses to the allegations in paragraphs 1 through 55 of the Complaint as set forth previously.

57. LGA admits the allegations contained in paragraph 57 of the Complaint; and affirmatively states the duty is mutual.

58. LGA denies the allegations contained in paragraph 58 of the Complaint.

59. LGA denies the allegations contained in paragraph 59 of the Complaint.

60. LGA denies the allegations contained in paragraph 60 of the Complaint.

61. LGA denies that Cequent is entitled to the relief it requests.

## COUNT FOUR
(Rescission and Restitution)

62. LGA incorporates its responses to the allegations in paragraphs 1 through 61 of the Complaint as set forth previously.

63. LGA denies the allegations contained in paragraph 63 of the Complaint.

64. LGA denies that Cequent is entitled to the relief it requests.

## COUNT FIVE
(Unjust Enrichment)

65. LGA incorporates its responses to the allegations in paragraphs 1 through 64 of the Complaint as set forth previously.

66. LGA denies the allegations contained in paragraph 66 of the Complaint.

67. LGA denies the allegations contained in paragraph 67 of the Complaint.

68. LGA denies the allegations contained in paragraph 68 of the Complaint.

69. LGA denies the allegations contained in paragraph 69 of the Complaint.

70. LGA denies that Cequent is entitled to the relief it requests.

## COUNT SIX
(Conversion)

71. LGA incorporates its responses to the allegations in paragraphs 1 through 70 of the Complaint as set forth previously.

72. LGA denies the allegations contained in paragraph 72 of the Complaint.

73. LGA denies the allegations contained in paragraph 73 of the Complaint.

74. LGA denies that Cequent is entitled to the relief it requests.

## COUNT SEVEN
(Fraudulent Inducement and Negligent Misrepresentation)

75. LGA incorporates its responses to the allegations in paragraphs 1 through 74 of the Complaint as set forth previously.

76. LGA denies the allegations contained in paragraph 76 of the Complaint.

77. LGA denies the allegations contained in paragraph 77 of the Complaint.

78. LGA denies the allegations contained in paragraph 78 of the Complaint.

79. LGA denies the allegations contained in paragraph 79 of the Complaint.

80. LGA denies the allegations contained in paragraph 80 of the Complaint.

81. LGA denies that Cequent is entitled to the relief it requests.

## COUNT EIGHT
(Intentional and Negligent Non-Disclosure)

82. LGA incorporates its responses to the allegations in paragraphs 1 through 81 of the Complaint as set forth previously.

83. LGA lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 83.

84. LGA denies the allegations contained in paragraph 84 of the Complaint.

85. LGA denies the allegations contained in paragraph 85 of the Complaint.

86. LGA denies the allegations contained in paragraph 86 of the Complaint.

87. LGA denies that Cequent is entitled to the relief it requests.

## COUNT NINE
(Restitution for Overpayments)

88. LGA incorporates its responses to the allegations in paragraphs 1 through 87 of the Complaint as set forth previously.

89. LGA admits it received some payments due under the License Agreement and First Amendment from Cequent, but denies the remaining allegations in paragraph 89 of the Complaint.

90. LGA denies that Cequent is entitled to the relief it requests.

## COUNT TEN
(Declaratory Relief)

91. LGA incorporates its responses to the allegations in paragraphs 1 through 90 of the Complaint as set forth previously.

92. LGA denies that Cequent is entitled to the relief it requests.

93. LGA generally denies any allegations, express or implied, made by Cequent not specifically admitted in this Answer.

## AFFIRMATIVE DEFENSES

94. Cequent's claims are barred in whole or in part by the following affirmative defenses asserted by LGA:

    a. Cequent has failed to state a claim upon which relief can be granted;

    b. consent;

    c. waiver;

    d. estoppel;

    e. Cequent has anticipatorily repudiated the License Agreement;

    f. prior breach of License Agreement by Cequent;

    g. Cequent has failed to mitigate damages;

    h. laches;

    i. failure of consideration;

    j. ratification;

    k. failure to tender and disgorge the benefits Cequent received;

    l. inequitable conduct;

    m. unclean hands.

## PRAYER FOR RELIEF

WHEREFORE, having answered, LGA demands that all of Cequent's claims against LGA be dismissed with prejudice, and that LGA be awarded its attorney's fees and costs incurred in connection with this action as permitted by law.

## AMENDED COUNTERCLAIMS

As for its Amended Counterclaims against Cequent, as provided by the Court's Order of May 6, 2011 (ECF No. 21), LGA states as follows:

### Jurisdiction and Venue

95. This Court has jurisdiction over the subject matter and the parties of this claim pursuant to 28 U.S.C. §1332 in that because the parties are diverse and the amount in controversy exceeds $75,000.00, by reason of Fed. R. Civ. P. § 13, and for the reasons stated in paragraphs 9-11 of the Complaint. The certain Counterclaims contained herein involve claims for patent infringement arising under the laws of the United States, including 35 U.S.C.A. §§ 101 *et seq.*, including but not limited to 35 U.S.C.A. § 281 such that this court also has jurisdiction pursuant to 28 U.S.C.A. § 1338.

96. Venue is proper pursuant to 38 U.S.C. 1391 as stated in paragraph 12 of the Complaint.

### General Allegations

97. LGA and Cequent entered into the License Agreement and the First Amendment to License Agreement stated in the Complaint (collectively "License Agreement").

98. By the terms of the License Agreement, Cequent was to pay royalties and other sums to LGA.

99. Without just cause or excuse, Cequent has wrongfully failed and refused to pay all sums due under the License Agreement.

100. As of April 30, 2011, Cequent is indebted to LGA in an approximate sum of $83,765.53 based on estimates in absence of reporting by Cequent.

101. Cequent has failed to provide an accounting of records and documentation to LGA which are necessary to determine the exact sum due LGA.

102. LGA has performed all conditions precedent to its entitlement to payment of all sums due under the License Agreement.

103. Cequent has, without just cause or excuse, breached its obligations to LGA under the License Agreement by various means including, but not limited to, the following:

    a. non-payment of sums due LGA under the License Agreement;

    b. breach of the implied covenant of good faith and fair dealing;

    c. failure to account for royalties in amounts provided in the License Agreement;

    d. Anticipatory repudiation of the License Agreement by conduct, including wrongful assertion of a prior breach of the License Agreement by LGA, unconditionally evidencing Cequent's intention not to perform its obligations to LGA thereunder.

104. On information and belief, Cequent continues to sell products utilizing the intellectual property described in the License Agreement, from and after termination of Cequent's rights due to its prior breach, in willful disregard of the rights of LGA and to LGA's damage and detriment.

105. On information and belief, Cequent has misappropriated and continues to misappropriate LGA's intellectual property for Cequent's own use and benefit.

106. LGA estimates its compensatory damages due from Cequent by reason of its wrongful conduct as described herein as being approximately $2,250,000 together with exceptional damages, attorneys' fees, costs, interest and such other punitive and exemplary damages as may be allowed by law.

### First Counterclaim

107. All of the preceding allegations contained in LGA's Amended Counterclaims are incorporated by reference herein.

108. By reason of the General Allegations above, Cequent has breached its contractual obligations to LGA and to LGA's damage and detriment.

109. LGA is entitled to an award of compensatory damages exceeding $75,000.00 against Cequent by reason of Cequent's breach of the License Agreement.

### Second Counterclaim

110. All of the preceding allegations contained in LGA's Amended Counterclaims are incorporated by reference herein.

111. By reason of the foregoing, Cequent has been unjustly enriched for which LGA is entitled to restitution in an amount exceeding $75,000.00.

### Third Counterclaim

112. All of the preceding allegations contained in LGA's Amended Counterclaims are incorporated by reference herein.

113. LGA is the owner of certain inventions and patents issued by the United States Patent and Trademark office as well as the applicant for certain inventions and patents, the identifications numbers of which and the Licensed Products described in the License Agreement related thereto (or "read on") and manufactured, made, used, distributed, offered for sale or sold by Cequent pursuant to the License Agreement are set forth in the table below (collectively, "LGA Technology").

| LICENSED PRODUCT | IP/PATENT NUMBER |
|---|---|
| Silent Hitch Pin/SHP | 6,409,203: 6,609,725: 6,945,550: 11/382,917<br>Trademark Registered Inclusive with: GearCage, TwinTube, GearSpace, JuiceBox, GearDeck and other products unknown. |
| Pixie | 11/697,294 "SportWing, NV-2" |
| GearCage, GearCage TwinTube, GearCage TT, GearCage Moover, GearCage Transporter | 6,910,609: 6,409,203: 6,609,725: 6,945,550: 11/382,917: 11/767,166: 12/122,546: 11/549,651: 10/711,961<br>Trademark Registered |
| TwinTube, TT, TT-UBI, TwinTube-UBI | 6,910,609: 09/683,820: 6,409,203: 6,609,725: 6,945,550: 11/382,917<br>Trademark Registered<br>Inclusive with: GearCage, GearSpace, GearDeck, and other products unknown |
| GearSpace, GearSpace 34 | 6,910,609: 09/683,820: 6,409,203: 6,609,725: 6,945,550: 11/382,917<br>Trademark Registered |
| GearDeck, GearDeck 17 | 6,910,609: 09/683,820: 6,409,725: 6,945,550: 11/382,917: 11/160,087<br>Trademark Registered |
| LandingGear | 6,910,609: 11/160,087<br>Trademarked<br>Inclusive with: TwinTube, GearCage, GearDeck, GearSpace, JuiceBox and other products unknown |
| GearBag, GearCage GearBag | Trademark Registered<br>Inclusive with: GearCage and other products unknown |
| JuiceBox | 6,910,609: 09/683,820: 6,409,203: 6,609,725: 6,945,550: 11/382,917: 11/160,087<br>Trademarked |

114. Since the termination of the License Agreement, by Cequent's breach or otherwise, Cequent has continued and does continue to manufacture, make, use, distribute, offered for sale or sell the Licensed Products and commercially exploit the LGA Technology without right and in violation of LGA's rights therein, all of the foregoing being an unlawful infringement of LGA's rights in the patents and LGA Technology described above.

115. On information and belief, Cequent has infringed and is still infringing upon LGA's rights in the LGA Technology as aforesaid. LGA has notified Cequent of such infringement and demanded that such infringement cease. Such infringement is and at all times has been willful, deliberate, and intentional and with full knowledge of LGA's patents and rights in the LGA Technology.

116. Cequent's infringement is injurious to and has damaged LGA but such damages are impossible to ascertain with certainty such that LGA has no adequate remedy at law and injunctive relief, both preliminary and permanent, should be granted.

117. Cequent should be required to account to LGA for its profits from such infringements and LGA should be awarded its damages in an amount adequate to compensate for such infringements, but in no event less than a reasonable royalty for the use made by Cequent as provided by 35 U.S.C.A. § 284, together with reasonable attorneys' fees pursuant to 35 U.S.C.A. § 285.

### Fourth Counterclaim

118. All of the preceding allegations contained in LGA's Amended Counterclaims are incorporated by reference herein.

119. In accordance with the Declaratory Judgment Act, 28 U.S.C. 2201, LGA requests this Court declare the following ("Declarations"):

    a. LGA is not in breach of either the License Agreement or the First Amendment;

    b. LGA has performed its obligations under both the License Agreement and First Amendment;

    c. Cequent breached the License Agreement;

      d.      Cequent anticipatorily repudiated the License Agreement;

      e.      The License Agreement and First Amendment were terminated because of Cequent's breach and anticipatory repudiation of the License Agreement and First Amendment;

      f.      Cequent has and continues to infringe upon LGA's patent rights and intellectual property, the LGA patents and LGA Technology;

      g.      Cequent is indebted to LGA for unpaid royalties and sums due under the License Agreement together with all revenues received by Cequent from its use of LGA's intellectual property subsequent to the termination of the License Agreement;

      h.      Cequent has no right to use LGA's intellectual property, patents, pending patents, or Licensed Products;

      i.      LGA is entitled to ancillary relief;

      j.      LGA is entitled to equitable relief including:

         i.      a full and complete accounting from Cequent;

         ii.      a constructive trust;

         iii.      equitable lien;

         iv.      and any other relief this Court deems necessary;

      k.      such other and further declarations as the case may require.

WHEREFORE, Defendant Let's Go Aero, Inc. PRAYS for judgment and the following relief upon its Amended Counterclaims against Plaintiff Cequent Performance Products, Inc. f/k/a Cequent Towing Products, Inc.

      A.      an Order containing the Declarations set forth above;

B.	an Order requiring Cequent to account to LGA for its profits from infringement of LGA's patents and LGA's Technology.

C.	compensatory damages in excess of $75,000.00 to the extent provided by law, including an amount adequate to compensate LGA for such infringements and not less than a reasonable royalty for the use made of LGA's Technology by Cequent, together with interest and costs as provided by 35 U.S.C.A. § 284 as well at the total profit realized from such infringements as provided by 35 U.S.C.A. § 289;

D.	restitution damages in excess of $75,000.00;

E.	punitive, exceptional or treble damages in amounts provided by law, including as provided by 35 U.S.C.A. § 284, by reason of the willful, intentional and deliberate character of Cequent's infringing acts;

120.	attorney's fees incurred in connection with this action as provided by law, including as provided by 35 U.S.C.A. § 285.

F.	prejudgment and post judgment interest on amounts due LGA;

G.	costs;

H.	injunctive relief, both temporary and permanent against Plaintiff, from further infringing on LGA's patents and LGA's Technology; and

I.	such other and further relief as this Court deems appropriate.

Dated:   May 12, 2011.

                                      Respectfully submitted,

                                      SILVER & DeBOSKEY,
A Professional Corporation

By:    /s    _____
                 Thomas M. Haskins, III
          ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of May, 2011, a true and correct copy of the foregoing **ANSWER** was filed and served via Electronic filing on:

Andrew J. Petrie, Esq.
Featherstone Petrie DeSisto LLP
600 17th Street, Suite 2400 S
Denver, Colorado 80202

and

David B. Cupar, Esq.
Matthew J. Cavanagh, Esq.
McDonald Hopkins LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114

*s/ Thomas M. Haskins III*

C01194