# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 10-CV-02921-WDM-CBS

CEQUENT PERFORMANCE PRODUCTS, INC.,
f/k/a CEQUENT TOWING PRODUCTS, INC.,

      Plaintiff,

v.

LET'S GO AERO, INC.,

      Defendant.

### CEQUENT'S ANSWER TO LET'S GO AERO'S AMENDED COUNTERCLAIMS

For its answer to the amended counterclaims of defendant Let's Go Aero, Inc. ("LGA"), plaintiff Cequent Performance Products, Inc. ("Cequent") responds as follows:

### As To "Jurisdiction and Venue"

1.     Cequent denies that LGA has stated a claim for patent infringement, denies that Rule 13 of the Federal Rules of Civil Procedure provides a basis for jurisdiction, and otherwise admits the allegations in paragraph 95 of LGA's amended counterclaims.

2.     Cequent admits the allegations in paragraph 96 of LGA's amended counterclaims.

{2728376:}

## As To "General Allegations"

3. Cequent admits the allegations in paragraph 97 of LGA's amended counterclaims.

4. Cequent admits the allegations in paragraph 98 of LGA's amended counterclaims.

5. Cequent denies the allegations in paragraph 99 of LGA's amended counterclaims.

6. Cequent denies the allegations in paragraph 100 of LGA's amended counterclaims.

7. Cequent denies the allegations in paragraph 101 of LGA's amended counterclaims.

8. Cequent denies the allegations in paragraph 102 of LGA's amended counterclaims.

9. Cequent denies the allegations in paragraph 103 of LGA's amended counterclaims.

10. Cequent denies that it "continues to sell products utilizing the intellectual property described in the License Agreement" because it lacks knowledge or information sufficient to form a belief about the truth of that allegation and otherwise denies the allegations in paragraph 104 of LGA's amended counterclaims.

11. Cequent denies the allegations in paragraph 105 of LGA's amended counterclaims.

12. Cequent denies the allegations in paragraph 106 of LGA's amended counterclaims.

### As to LGA's "First Counterclaim"

13. Cequent repeats and reasserts its responses in Paragraphs 1-12 of this Answer.

14. Cequent denies the allegations in paragraph 108 of LGA's amended counterclaims.

15. Cequent denies the allegations in paragraph 109 of LGA's amended counterclaims.

### As to LGA's "Second Counterclaim"

16. Cequent repeats and reasserts its responses in paragraphs 1-15 of this Answer.

17. Cequent denies the allegations in paragraphs 111 of LGA's amended counterclaims.

### As to LGA's "Third Counterclaim"

18. Cequent repeats and reasserts its responses paragraphs 1-17 of this Answer.

19. LGA's "Third Counterclaim" fails to state a claim for the reasons explained in *Cequent's Motion To Dismiss Third Counterclaim Of Let's Go Aero's Amended Counterclaims Under Rule 12(b)(6)* and should be dismissed. To the extent LGA describes the patent license and its amendment, those documents speak for themselves. Otherwise, Cequent denies the allegations in paragraph 113 of LGA's

amended counterclaims because Cequent lacks knowledge or information sufficient to form a belief about the truth of the allegations.

20. LGA's "Third Counterclaim" fails to state a claim for the reasons explained in *Cequent's Motion To Dismiss Third Counterclaim Of Let's Go Aero's Amended Counterclaims Under Rule 12(b)(6)* and should be dismissed. Cequent denies that it has violated LGA's rights, infringed, or done anything unlawful. Otherwise, Cequent denies the allegations in paragraph 114 of LGA's amended counterclaims because Cequent lacks knowledge or information sufficient to form a belief about the truth of the allegations.

21. LGA's "Third Counterclaim" fails to state a claim for the reasons explained in *Cequent's Motion To Dismiss Third Counterclaim Of Let's Go Aero's Amended Counterclaims Under Rule 12(b)(6)* and should be dismissed. Otherwise, Cequent denies the allegations in paragraph 115 of LGA's amended counterclaims.

22. LGA's "Third Counterclaim" fails to state a claim for the reasons explained in Cequent's Motion to Partially Dismiss LGA's Amended Counterclaims and should be dismissed. Otherwise, Cequent denies the allegations in paragraph 116 of LGA's amended counterclaims.

23. LGA's "Third Counterclaim" fails to state a claim for the reasons explained in *Cequent's Motion To Dismiss Third Counterclaim Of Let's Go Aero's Amended Counterclaims Under Rule 12(b)(6)* and should be dismissed. Otherwise, Cequent denies the allegations in paragraph 117 of LGA's amended counterclaims.

### As to LGA's "Fourth Counterclaim"

24. Cequent repeats and reasserts its responses in paragraphs 1-23 of this Answer.

25. Cequent denies the allegations in paragraph 119 of LGA's amended counterclaims.

### As to LGA's Prayer for Relief

26. Cequent denies that LGA is entitled to any of the relief it demands.

### Cequent's Affirmative Defenses

27. LGA's amended counterclaims fail to state claims upon which relief can be granted.

28. LGA's amended counterclaims are barred by the doctrine of laches, estoppel, and waiver.

29. LGA's amended counterclaims are barred by the doctrine of unclean hands.

30. LGA's damages, if any, were caused or contributed to by its own action or inaction or by the action or inaction of third persons over whom Cequent has no control.

31. LGA's amended counterclaims are barred, in whole or in part, by LGA's failure to mitigate its damages, if any.

32. LGA's amended counterclaims fail because Cequent has performed all of its obligations under the patent license and amendment, and because LGA has not performed its obligations under the patent license and amendment.

33. LGA's contract and quasi-contract amended counterclaims fail because LGA failed to deliver the consideration required by the agreements at issue by failing to keep the patents and applications clean, active, fully enforceable, and not expired nor abandoned.

34. LGA's contract and quasi-contract amended counterclaims fail because LGA fraudulently induced Cequent into entering the agreements at issue.

35. LGA's contract and quasi-contract amended counterclaims fail because the agreements at issue are unlawful, invalid, and void for the reasons alternatively pleaded in Cequent's complaint.

36. LGA's claims fail because Cequent had, and continues to have, a right to make, use, and sell its products through license or otherwise.

37. The "American Rule" bars LGA from recovering attorneys' fees.

38. An award of punitive damages against Cequent in this action would violate the Due Process Clause of the Fifth Amendment to the United States Constitution.

39. Cequent reserves the right to assert any additional affirmative defenses that it might discover during the pendency of this action.

WHEREFORE, Cequent, prays that the Court dismiss LGA's amended counterclaims and grant such further relief as the Court deems just and proper.

Date: May 31, 2011	Respectfully submitted,

  s/ David B. Cupar
David B. Cupar
Matthew J. Cavanagh
McDonald Hopkins LLC
600 Superior Avenue, East
Suite 2100
Cleveland, Ohio 44114
T 216.348.5730
F 216.348.5474
dcupar@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com

and

Andrew J. Petrie
Matthew D. Collins
Featherstone Petrie DeSisto LLP
600 17th Street, Suite 2400 S
Denver, Colorado 80202
T 303.626.7100
F 303.626.7101
apetrie@featherstonelaw.com
mcollins@featherstonelaw.com

*Counsel for*
*Cequent Performance Products, Inc*

{2728376:}

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 31, 2011, I electronically filed the foregoing **CEQUENT'S ANSWER TO LET'S GO AERO'S AMENDED COUNTERCLAIMS** with the Clerk of this Court using the CM/ECF system, which will electronically mail notice to the following:

Andrew J. Petrie
Matthew D. Collins
Featherstone Petrie DeSisto LLP
600 17th Street, Suite 2400 S
Denver, Colorado 80202
apetrie@featherstonelaw.com
mcollins@featherstonelaw.com

*Counsel for*
*Cequent Performance Products, Inc.*

Thomas M. Haskins, III
Silver & DeBoskey, P.C.
The Smith Mansion
1801 York Street
Denver, Colorado 80206
haskinst@s-d.com

*Counsel for*
*Let's Go Aero, Inc.*

  s/ David B. Cupar
*Counsel for*
*Cequent Performance Products, Inc.*

{2728376:}